UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALINE TURNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:24-cv-0904-MTS |
| ) | |
| NEWREZ LLC, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

Yet again, Plaintiff's counsel—lead counsel for ADR, *see* Doc. [33]—disregarded an Order of this Court related to ADR, despite being warned that failure to comply would "result in the imposition of 'any sanctions deemed appropriate by the Court.'" Doc. [41] at 2 (citing E.D. Mo. L.R. 6.05(A)). In fashioning an appropriate sanction, the Court finds particularly relevant Plaintiff's counsel's demonstrated pattern of ignoring Orders of this Court in this matter. *See id.* (describing repeated failures to abide by the Court's orders); Doc. [30] (imposing a sanction under Federal Rule of Civil Procedure 16(f)(2) for failure to comply with the Court's scheduling orders); *see also, e.g.*, *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1411 (9th Cir. 1990) (considering "all incidents of a party's misconduct" when evaluating the appropriateness of a sanction).[1]

Accordingly,

---

[1] It is of no moment that the parties have reached a settlement resolving the claims in this matter. *See Gundacker v. Unisys Corp.*, 151 F.3d 842, 848 (8th Cir. 1998) (noting that "because sanctions are collateral to the merits of the case, sanctions may be properly considered by the district court even when the merits are no longer before it" (citing *Perkins v. Gen. Motors Corp.*, 965 F.2d 597, 599 (8th Cir. 1992))).

**IT IS HEREBY ORDERED** that, in addition to the requirement that Plaintiff pay for one-half of the cost of ADR, *see* E.D. Mo. L.R. 6.03(C)(1), Attorney Mitchell D. Jacobs shall pay that same amount to the Court as a sanction for his repeated failure to obey the orders of the Court pertaining to the ADR process.[2] In the event that the parties settled this matter prior to incurring any ADR fees, Attorney Mitchell D. Jacobs shall instead pay to the Court the sum of five hundred dollars ($500.00).

Dated this 10th day of December 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[2] Attorney Mitchell D. Jacobs must pay the required amount to the Court's non-appropriated fund. *See* E.D. Mo. L.R. 12.03. The non-appropriated fund is used to compensate neutrals where a party demonstrates a financial inability to pay all or part of its pro rata share of the neutral's fee. *See id.* at 6.03(C)(2). Attorney Mitchell D. Jacobs shall make the payment to the Clerk of Court within ten (10) days of receiving the neutral's invoice. If no ADR fees were incurred, Attorney Mitchell D. Jacobs shall make the payment no later than **December 20, 2025**.